IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDIS BIOTECH, GMBH,<br><br>    Plaintiff,<br><br>  v.<br><br>AMGEN INC.,<br><br>    Defendant. | C.A. No. 22-35-GBW<br><br>**FILED UNDER SEAL** |

James D. Taylor, Jr., Jessica M. Jones, Michelle C. Streifthau-Livizos, SAUL EWING LLP, Wilmington, DE; Henry A. Platt, Robert C. Gill, Matthew J. Antonelli, Alireza Behrooz, Dennis Ostrovsky, SAUL EWING LLP, Washington, DC; Courtland C. Merrill, SAUL EWING LLP, Minneapolis, MN; Andrew Schwerin, Veronica McCarty, SAUL EWING LLP, Philadelphia, PA.

  *Counsel for Plaintiff*

Melanie K. Sharp, James L. Higgins, Stephanie N. Vangellow, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Michael J. Wise, Joseph P. Hamilton, Lara J. Dueppen, Courtney M. Prochnow, Alisha C. Burgin, Doris Alvarez-Reyes, PERKINS COIE LLP, Los Angeles, CA; Garmai Gorlorwulu, Blake A. Winn, PERKINS COIE LLP, San Diego, CA; Brian Kao, J. Drew Diamond, Blake Greene, Wendy A. Whiteford, AMGEN INC., San Diego, CA; Lisa B. Pensabene, Hassen Sayeed, Carolyn S. Wall, Jing Ying (Amy) Zhao, O'MELVENY & MYERS LLP, New York, NY; Luann L. Simmons, Sorin Zaharia, O'MELVENY & MYERS LLP, San Francisco, CA.

  *Counsel for Defendant*

**MEMORANDUM OPINION**

November 18, 2024
Wilmington, Delaware

_[signature]_

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Plaintiff Lindis Biotech, GmbH ("Lindis") filed its First Amended Complaint against Defendant Amgen Inc. ("Amgen") alleging direct, contributory, induced, and willful infringement of two of Lindis' patents through Amgen's alleged manufacturing, marketing, distributing, and selling of the immunotherapy drug Blincyto. *See* D.I. 157 ¶¶ 25-54; *see* D.I. 260 at 1 (letter regarding "[e]lection of asserted patent claims"). Pending before the Court is Amgen Inc.'s Motion to Bifurcate Trial (D.I. 257), which has been fully briefed (*see* D.I. 258; D.I. 263; D.I. 265).[1] For the following reasons, the Motion is denied. Since the Court was able to resolve Amgen's motion without oral argument, the Court also denies-as-moot Amgen's request for oral argument (D.I. 268).

## I. BACKGROUND

Amgen has "move[d] to bifurcate the trial of this case into two phases: one phase addressing the issues of direct infringement and invalidity, and a second phase addressing the issues of induced infringement, willfulness, and damages." D.I. 257 at 1; *see* D.I. 258 at 1. Amgen contends that its proposed bifurcation scheme "will advance each of the three important goals of bifurcation: (1) enhancing juror comprehension of complex technical issues; (2) averting prejudice; and (3) promoting judicial efficiency." D.I. 258 at 1. Lindis opposes bifurcating. Lindis contends that "Amgen cannot meet its burden to establish that its bifurcation proposal is appropriate in this case because the proposal will not conserve judicial resources, will not aid jury comprehension, and will not avoid unfair prejudice." D.I. 263 at 4.

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

## II. LEGAL STANDARD

### A. Bifurcation under Federal Rule of Civil Procedure 42(b)

"Federal Rule of Civil Procedure Rule 42(b) governs a request by a party to bifurcate a trial and provides: '[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims....'" *Thabault v. Chait*, 541 F.3d 512, 529 (3d Cir. 2008) (alterations in original) (quoting Fed. R. Civ. P. 42); *see Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) ("Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management."). "A separation pursuant to Rule 42(b) separates elements of the complaint for trial, but all the aspects 'remain[ ] part of one single action which would result in a single judgment.'" *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999) (alterations in original) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991)).

"Although cognizant of [] competing considerations, this court has heretofore cast its lot with the views expressed by the Advisory Committee that bifurcation 'be encouraged where experience has demonstrated its worth,' but that 'separation of issues for trial is not to be routinely ordered.'" *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (quoting Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment); *see, e.g., Sweigart v. Voyager Trucking Corp.*, No. 23-2397, 2024 WL 3565306, at *3 (3d Cir. July 29, 2024) (nonprecedential) ("Bifurcating a trial into separate liability and damages sections is the exception, not the rule."); *Branch v. Temple Univ.*, No. 21-3099, 2023 WL 3993016, at *3 (3d Cir. June 14, 2023) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2023)) ("Separating trials 'is not to be the usual course.'"); *AOB Prod. Co. v. Good Sportsman Mktg., LLC*, No. CV 22-1264-GBW, 2023 WL 130885, at *2 (D. Del. Jan. 9, 2023) (quoting

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, No. CV 17-1734-RGA, 2021 WL 982730 (D. Del. Mar. 16, 2021)) ("[B]ifurcation remains the exception rather than the rule."). Thus, "[i]f a party moves for bifurcation, it has the burden to establish that bifurcation is appropriate." 2023 WL 130885, at *2 (quotation marks omitted).

"[T]he decision to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis*, 579 F.2d at 824; *see Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1320 (Fed. Cir. 2013) (en banc) (dictum) ("District court judges, of course, are best positioned to make that determination [regarding bifurcation] on a case-by-case basis."). "In deciding whether one trial or separate trials will best serve [the above factors] ... the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." 2023 WL 130885, at *2 (alterations in original) (quoting *In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986)). Moreover, "[t]he touchstone, in reviewing bifurcated proceedings, is whether the party bearing the burden of proof w[ould] [be] unfairly prejudiced by the procedures employed." *U. S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172, 181 (3d Cir. 1981) (remarking that "Rule 42(b) permits bifurcation to 'avoid prejudice,' not to create it").

"The Seventh Amendment requires that, when a court bifurcates a case, it must 'divide issues between separate trials in such a way that the same issue is not reexamined by different juries.'" *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 452 n.5 (3d Cir. 1997) (quoting *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293 (7th Cir. 1995) (Posner, J.)); *see In re Citizens Bank, N.A.*, 15 F.4th 607, 620 n.15 (3d Cir. 2021) (discussing *In re Paoli*, 113 F.3d 444).

## III. DISCUSSION

The Federal Circuit has remarked that trial courts have wide discretion to order, or not order, bifurcation in patent infringement actions. *See Robert Bosch*, 719 F.3d at 1319–20 (dictum) ("District courts . . . have the authority to try all issues together at the liability stage."); *see Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 n.2 (Fed. Cir. 1991) (describing "an order refusing to bifurcate a trial [as] a routine discretionary decision of the district court concerning trial management").

As discussed below, the Court finds that Amgen has not carried its burden of demonstrating that its proposed bifurcation scheme is warranted. Thus, the Court rejects Amgen's proffered bifurcation scheme. *See Victaulic Co. v. ASC Engineered Sols., LLC*, No. CV 20-887-GBW, 2022 WL 4748619, at *3-5 (D. Del. Oct. 3, 2022) (Court "declin[ing] to exercise its discretion to bifurcate [] trial," where movant "failed to meet its burden to demonstrate that bifurcation" was warranted).

### A. Bifurcation

#### 1. Juror Comprehension

In complex cases, bifurcation is sometimes warranted, if it "would make it easier for the jury to understand the issues." *Lundy v. Hochberg*, 79 F. App'x 503, 505 (3d Cir. 2003) ("This explanation [for bifurcating] is reasonable in light of the complexity of the case and we conclude there was no abuse of the discretion."); *see AOB Prod.*, 2023 WL 130885, at *2 (observing that the Court "should consider whether bifurcation will . . . enhance juror comprehension"); *see also* Fed. Judicial Ctr., *Patent Case Management Judicial Guide* § 8.1.1.6 (3d ed. 2016).

Amgen contends that "the opportunity to increase juror comprehension of the complex issues before them is a significant advantage that warrants bifurcation in this case." D.I. 258 at 10. Direct infringement and invalidity, according to Amgen, will require the jury to "consider []

complex evidence and competing technical opinions from the experts." D.I. 258 at 5; *see id.* at 10-12. "[I]ssues of inducement, willfulness, and damages," according to Amgen, will require the jury to "consider [] equally complex competing expert opinions and evidence." D.I. 258 at 5; *see id.* at 11. Accordingly, Amgen asserts that "[r]equiring the jury to digest—in a single phase—[] technical matters, as well as subjective and factual issues underpinning inducement and willfulness would be unwieldy and unnecessary." D.I. 258 at 11.

Lindis, however, contends that the complexity of issues in this case does not warrant Amgen's proposed bifurcation scheme. *See* D.I. 263 at 8-10. Lindis contends that, in the absence of bifurcation, "complex patent and trade secret cases are routinely tried to juries, and that juries must customarily address and comprehend such technical concepts." D.I. 263 at 1; *see id.* at 8-9. Moreover, Lindis contends that, in this case, "the issues of willfulness and damages" are "the relatively simple concepts." D.I. 263 at 1; *see id.* at 8-9. Accordingly, Lindis asserts that the Court "grant[ing] Amgen's Motion would not enhance juror comprehension, it would worsen it, and sow confusion." D.I. 263 at 10.

a. **The Court Is Not Convinced That Bifurcation Is Necessary to Improve Juror Comprehension**

"[H]aving presided over the *Markman* hearing in this matter [(*see* D.I. 94 at 1)], [the Court] do[es] not think that this [case] is unusually complex," so as to warrant Amgen's proposed bifurcation scheme. *Evertz Microsystems Ltd. v. Lawo Inc.*, No. CV 19-302-MN-JLH, 2021 WL 706457, at *2 (D. Del. Feb. 23, 2021) (some alterations in original) (denying motion to bifurcate). Moreover, after reviewing the pending motions (*see* D.I. 170; D.I. 172; D.I. 175; D.I. 181), the Court finds that the complexity of this case is akin to many prior trials in this Court that were successfully conducted without bifurcation.

"The jury is presumed to take its role seriously and to carry out its fact-finding function competently and thoroughly." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1581–82 (Fed. Cir. 1993) (Mayer, J., dissenting). Based on judicial experience, the Court expects that, even without bifurcation, the jury in this case will be capable of grasping the issues before it. *See* 2021 WL 706457, at *2 ("[I]n this District, juries routinely decide complex liability and damages issues at the same trial."); *Deutscher Tennis Bund v. ATP Tour, Inc.*, No. CV 7-178, 2008 WL 2520809, at *2 (D. Del. June 23, 2008) ("[W]ith respect to the capabilities of the jury in this case, this [C]ourt regularly tries complex cases before juries and has found jurors well able to keep separate issues separate, particularly with the aid of considered and cogent presentations by counsel."). Here, if the jury ultimately struggles to comprehend the issues before it, then that will likely "reflect[] more on the court and counsel" than it will reflect on "the capabilities of the jury . . . who [are] called to interrupt their lives to resolve this case." 5 F.3d at 1581–82.

Thus, the Court is not convinced that bifurcation is warranted for the purpose of improving juror comprehension. *See AOB Prod.*, 2023 WL 130885, at *3 (declining to bifurcate, where movant failed "to demonstrate that bifurcation will enhance juror comprehension"); *HASH Asset Mgmt. Ltd. v. DMA Labs, Inc.*, No. CV 22-1633-GBW, 2023 WL 4314077, at *2 (D. Del. July 3, 2023) (similar).

2. **Prejudice**

"[W]hen the purpose of evidence relates to separate issues, the Federal Rules of Civil Procedure allow district judges, at their discretion, to hold separate trials on those issues 'to avoid prejudice.'" *Branch*, 2023 WL 3993016, at *2 (quoting Fed. R. Civ. P. 42(b)); *see AOB Prod.*, 2023 WL 130885, at *2 (observing that the Court "should consider whether bifurcation will avoid prejudice."); *see also Patent Case Management Judicial Guide* § 8.1.1.2.

Amgen contends that its proposed "bifurcation [scheme] will reduce potential prejudice to Amgen and would not meaningfully prejudice Lindis." D.I. 258 at 13 (emphasis and capitalization removed). The risk of "unfair prejudice," according to Amgen, is that "the jury[] [will] consider[] [] 'intrusive and inflammatory' evidence bearing on inducement, willfulness, and damages" when deliberating over direct infringement and invalidity. D.I. 258 at 13 (quoting *Robert Bosch LLC v. Pylon Mfg. Corp.*, No. CV 8-542-SLR, 2009 WL 2742750 (D. Del. Aug. 26, 2009)).

Amgen asserts that "juror sympathy will inevitably taint" deliberation over infringement and invalidity, unless the Court adopts Amgen's proposed bifurcation scheme. D.I. 258 at 15. Amgen contends that an "example" of problematic evidence, which the jury will improperly consider absent bifurcation, is "the David-and-Goliath testimony that Lindis's witnesses will likely advance in connection with willful infringement and inducement." D.I. 258 at 14; *see id.* at 14-15 (discussing what testimony Amgen expects from Horst Lindhofer, Thomas Schrepfer, and Mariana Brea-Krueger); *see* D.I. 265 at 2 (contending that Lindis will proffer a "story[] [in which] Amgen will be painted as a predatory bully that misled a weakened Lindis"). Moreover, Amgen contends that "Lindis's damages evidence is also the type of provocative evidence that could undermine a jury's ability to objectively evaluate direct infringement and invalidity." D.I. 258 at 15. Accordingly, Amgen contends that "the inflammatory evidence around induced infringement, willfulness, and the Lindis royalty rate . . . and those issues can and should travel together in [Amgen's] proposed Phase Two." D.I. 258 at 16.

Lindis contends that "[t]he allegedly prejudicial evidence, however, is hardly the polarizing information one would consider necessitating bifurcation." D.I. 263 at 11. Moreover, Lindis contends that "Amgen's proposed bifurcated trial does not prevent the allegedly

7

prejudicial evidence from coming into evidence during Phase One." D.I. 263 at 11. For example, according to Lindis, "commercial success" is relevant to both invalidity and damages. D.I. 263 at 11-12. Moreover, according to Lindis, "prescribing information" is relevant to both direct and indirect infringement. *See* D.I. 263 at 12-13. Lindis also contends that "[e]vidence of the negotiations between Amgen and Lindis . . . is relevant to obviousness, as well as willfulness." D.I. 263 at 14. Lindis also asserts that adopting Amgen's proposed "bifurcation [scheme] threatens unfair prejudice to Lindis." D.I. 263 at 13. Accordingly, Lindis asserts that bifurcation "will unfairly prejudice the presentation of Lindis' case," if the jury is "present[ed] [with] disjointed pieces of the same evidence in two phases," and if the "the jury [is asked] to reconstruct and decide evidence in the second phase without hearing it contemporaneously." D.I. 263 at 13.

a.  **The Court Is Not Convinced That Bifurcation Is Necessary to Avoid Prejudice**

Even accepting Amgen's representations that certain testimony is not relevant to direct infringement and invalidity, *see* D.I. 258 at 13-15, the Court is not convinced that bifurcation is necessary to avoid prejudice.

Specifically, the Court is not convinced by Amgen's contention that, without bifurcation, "human nature" means that "juror sympathy will inevitably taint what should be an objective threshold assessment of direct infringement and invalidity." D.I. 258 at 15. As noted above, "[t]he jury is presumed to take its role seriously and to carry out its fact-finding function competently and thoroughly." *Mendenhall*, 5 F.3d at 1581–82. Further, even in "complex cases before juries," this Court "has found jurors well able to keep separate issues separate." *Deutscher Tennis Bund*, 2008 WL 2520809, at *2.

Moreover, "[w]e have long held that prejudice does not arise 'just because all evidence adduced is not germane to all counts.'" *In re Bayside Prison Litig.*, 157 F. App'x 545, 548 (3d

8

Cir. 2005) (quoting *United States v. Console*, 13 F.3d 641 (3d Cir. 1993)). "Rather, some exacerbating circumstances, such as the jury's inability to compartmentalize the evidence, are required." *Id.* (quoting *United States v. Urban*, 404 F.3d 754 (3d Cir. 2004)). Contrary to Amgen's contention, *see* D.I. 265 at 3, absent such exacerbating circumstances, "[w]e must 'presume that the jury [will] follow[] such instructions' to 'compartmentalize the evidence.'" *Sweigart*, 2024 WL 3565306, at *3 (quoting *United States v. Urban*, 404 F.3d 754 (3d Cir. 2005)). In this case, Amgen "ha[s] failed to rebut that presumption." *In re Bayside Prison Litig.*, 157 F. App'x at 548.

Thus, the Court is not convinced that Amgen's "fears of unfair prejudice," D.I. 265 at 3, "cannot be handled in such a way as to make less drastic remedies than bifurcation." *Sprint Commc'ns*, 2021 WL 982730, at *2; *see AOB Prod.*, 2023 WL 130885, at *2 (observing that "speculative harm [] could be cured by an evidentiary motion at the appropriate time rather than bifurcation now").[2]

3.  **Efficiency**

"[T]he interests of judicial economy and convenience" sometimes warrant, or do not warrant, bifurcation. *In re Paoli*, 113 F.3d at 452 n.5 ("Thus, bifurcation preserved judicial resources and reduced the expenses of the parties, and the district court did not abuse its discretion in ordering such a process."); *see AOB Prod.*, 2023 WL 130885, at *2 (observing that the Court "should consider whether bifurcation will . . . conserve judicial resources."); *see also Patent Case Management Judicial Guide* §§ 8.1.1.3, 8.1.1.6 ("[T]he associated costs to holding separate trials make bifurcation a practice best reserved for the most complex cases.").

---

[2] Given that the Court denies Amgen's request for bifurcation, the Court will "not address the secondary issue[] of whether bifurcation would prejudice" Lindis. 2008 WL 2520809, at *2 n.1; *see U. S. Gypsum*, 668 F.2d at 181.

9

Amgen contends that its "proposed approach will improve efficiency because (1) the issues are readily divisible into two phases, and (2) the jury will benefit in terms of efficiency regardless of the outcome in Phase One." D.I. 258 at 18. As to divisibility, Amgen contends "the direct infringement and invalidity issues in [Amgen's proposed] Phase One are fundamentally different inquiries involving different substantive proofs that overlap minimally (or not at all) with the inducement, willfulness, and damages issues in [Amgen's proposed] Phase Two." D.I. 258 at 18. As to efficiency, Amgen contends that its proposed bifurcation scheme potentially reduces the amount of testimony the jury will consider on inducement, willfulness, and damages. *See* D.I. 258 at 19-20. Moreover, according to Amgen, even if the amount of testimony is not reduced, "the jury will still benefit" from Amgen's proposed bifurcation scheme." D.I. 258 at 19.

Lindis, however, contends that "Amgen's proposed phases are largely overlapping, suggesting that bifurcation would be of limited benefit." D.I. 263 at 14. Moreover, Lindis asserts that Amgen's proposed bifurcation scheme will create inefficiency, as it "would require the jury to deliberate twice rather than a single time." D.I. 263 at 13.

a.   **The Court Is Not Convinced That Bifurcation Will Improve Efficiency**

As discussed below, given the facts of this case, "while there may be some efficiency in bifurcating . . . the [C]ourt is inclined to find that it is generally much more efficient to work towards one trial and one appeal." *Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 35 (D. Del. 1995).[3]

---

[3] To be clear, this Memorandum Opinion addresses only the claims that the pending motion (D.I. 257) addresses. In other words, this Memorandum Opinion takes no position on any pending equitable claims or defenses. *See* D.I. 263 at 1 n.1 (discussing "inequitable conduct claims and defenses").

Whether Amgen's proposed bifurcation scheme will create more efficiencies, or more inefficiencies, involves some guesswork. The Court agrees with Amgen that its proposed bifurcation scheme has the potential to reduce the amount of testimony the jury will consider on inducement, willfulness, and damages. *See* D.I. 258 at 19-20. However, "[t]he potential elimination of a second trial . . . is not enough to show that judicial economy would be served through bifurcation." *Sprint Commc'ns*, 2021 WL 982730, at *3. Here, the potential for reduction is not great, given that "[t]his matter is scheduled for a seven (7) day jury trial" and "counsel will be allocated a total number of hours in which to present their respective cases." D.I. 57 ¶ 21; *see* D.I. 265 at 8 ("The time limit is a Court order, and the parties must adjust their cases to comply with it."). To put that into perspective, in *In re Paoli*, the bifurcation "obviated the need for a trial . . . which undoubtedly would have taken months." 113 F.3d at 452 n.5.

Moreover, even assuming *arguendo* that there will be minimal overlap in evidence between the trials, Amgen's proposed bifurcation scheme has the potential to create inefficiencies. For example, here, bifurcation has the potential to cause "future disputes" over precisely which evidence can be presented at each trial. *AOB Prod.*, 2023 WL 130885, at *3.

Given the uncertainty over whether, and to what extent, bifurcation will be more efficient, the Court is not convinced that "the interests of judicial economy and convenience" warrant bifurcation. *In re Paoli*, 113 F.3d at 452 n.5; *see AOB Prod.*, 2023 WL 130885, at *3 (declining to bifurcate, where movant failed to "shown that bifurcation would conserve judicial resources"); *Victaulic*, 2022 WL 4748619, at *3 (declining to bifurcate, where movant speculated that "a two-day reduction in trial now could possibly obviate the need for a five-day trial a few months later").

4.  **Amgen Has Not Established That Bifurcation Is Warranted**

Having considered, and rejected, Amgen's contentions for bifurcation, the Court is not convinced that Amgen's proposed bifurcation scheme is "the choice most likely to result in a just final disposition of the litigation." 2023 WL 130885, at *2. Thus, the Court will exercise its "authority to try all issues together at the liability stage." *Robert Bosch*, 719 F.3d at 1319; *see AOB Prod*, 2023 WL 130885, at *2.

IV. **CONCLUSION**

For the foregoing reasons, Amgen has not met its burden to demonstrate that bifurcation is warranted. The Court will issue an Order consistent with this Memorandum Opinion.