IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDIS BIOTECH, GMBH,<br><br>                        Plaintiff,<br><br>           v.<br><br>AMGEN INC.,<br><br>                        Defendant. | C.A. No. 22-35-GBW |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Lindis Biotech, GmbH's ("Plaintiff" or "Lindis") Motion to Strike Defendant's Disclosures and Untimely Exhibits ("Motion to Strike") (D.I. 271), which has been fully briefed (D.I. 289; D.I. 293). For the following reasons, the Court denies Plaintiff's motion.

### I.   BACKGROUND

On August 29, 2023, the parties stipulated that "Defendant shall elect no more than six total prior art references per asserted patent that can be used as grounds for anticipation under 35 U.S.C. § 102 or as grounds for obviousness under 35 U.S.C. § 103 no less than 14 days before the pretrial order is to be filed with the Court." D.I. 104 at 2. The parties likewise stipulated: "The parties also agree that the elections to limit the total number of prior art references do not apply to or limit (i) prior art references used to illustrate the state of the art, (ii) the knowledge possessed by a person of ordinary skill in the art, or (iii) arguments that address alleged secondary considerations of non-obviousness or for other contexts surrounding obviousness that are commonly introduced in a patent trial." D.I. 104 at 2.

As Lindis observes, Amgen "complied with this stipulation" when "submitting a letter to Lindis on November 5, 2024 electing six prior art references per patent." D.I. 271 at 1 (citation omitted). Lindis refers to these references as the "Identified References." D.I. 271 at 1. On November 8, 2024, Amgen filed a Notice of Disclosure Pursuant to 35 U.S.C. § 282 ("Notice"). D.I. 267. 35 U.S.C. § 282 provides in relevant part:

> In an action involving the validity or infringement of a patent the party asserting invalidity or noninfringement *shall* give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of . . . the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit *or . . . as showing the state of the art . . . .*

35 U.S.C. § 282(c) (emphases added). Defendant's Notice asserts that "Amgen may rely at trial on one or more of the following . . . publications, and other prior art to show . . . [the] state of the art of" U.S. Patent No. 8,709,421 ("the '421 patent") and U.S. Patent No. 10,071,158 ("the '158 patent") (collectively, the "Asserted Patents"). D.I. 267 at 1.

Lindis asserts that the Notice contains "nearly two hundred references, including the Identified References." D.I. 271 at 1. When Lindis requested clarification from Amgen on the purpose of these references, Amgen responded that it may rely on these references "for any purpose consistent with the stipulation and §282(c)." D.I. 271-3 at 2. Amgen also stated that "nothing in the §282(c) notice should be interpreted as limiting Amgen's ability to rely on the references for its defenses other than anticipation and obviousness." D.I. 271-3 at 2. Amgen also explained:

> Our November 5, 2024 letter identified the elected references on which Amgen may rely as grounds for obviousness or anticipation. That election has not changed. As you know, however, the stipulation excludes from that election references that may be relied upon for other reasons, including to show the state of the art and the knowledge of a POSA. The language of 35 U.S.C. §282(c) also expressly permits the recitation of references to reflect the state of the art.

D.I. 271-3 at 4.

## II. LEGAL STANDARDS

"The decision to exclude evidence lies within the discretion of the Court." *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-cv-132-JJF, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007). "Because striking critical evidence is an 'extreme sanction,' [a court's] discretion to do so isn't unlimited." *Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 17-cv-00770-JDW-MPT, 2024 U.S. Dist. LEXIS 7521, at *10 (D. Del. Jan. 16, 2024). The proponent of a motion to strike carries the burden. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-cv-453-RGA, 2017 U.S. Dist. LEXIS 228867, at *13 (D. Del. Nov. 7, 2017).

## III. DISCUSSION

In its motion, Lindis contends that this Court should strike Amgen's Notice (1) "to avoid undue prejudice to Lindis," (2) because the Notice "fails to comply with the Court's directive and the parties' stipulation" to "narrow the issues in this case," and (3) "causes confusion." D.I. 271 at 2. Each contention, however, fails.

*First*, the Notice does not cause "undue prejudice to Lindis." Lindis grounds its claim of undue prejudice on the fact that "less than one month before trial, Amgen has disclosed nearly two hundred references for potential support." D.I. 271 at 2; *see id.* (stating that "nearly two hundred can only be considered overkill," that there "is no feasible way for Amgen to present all of these references during a seven (7) day jury trial," and that "this dump of references also has the intended effect of significantly hampering Lindis' ability to prepare for trial, as it is not feasible for Lindis to prepare for over two hundred references which Amgen *may* present at trial" (emphasis in original)). However, Amgen filed its Notice on November 8, 2024 (D.I. 267), more than thirty days before the trial scheduled to begin on December 9, 2024, in compliance with § 282(c). *See* 35 U.S.C. § 282(c) (requiring notice "at least thirty days before the trial"); *see also Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed. Cir. 1986) ("The purpose of § 282 is 'to prevent

patentees being surprised, at the trial of the cause, by evidence of a nature which they could not be presumed to know, or be prepared to meet, and thereby to subject them either to most expensive delays, or to a loss of their cause.'" (citation omitted)).

Lindis may be frustrated with Amgen's disclosure of nearly 200 references, however, neither the parties' stipulation nor § 282(c) limits the number of references that Amgen may disclose (other than for the purpose of anticipation or obviousness, and for that purpose, Amgen complied). *Cf. TQ Delta, LLC v. Adtran, Inc.*, No. 15-cv-121-RGA, 2019 WL 4346530, at *3 (D. Del. Sep. 12, 2019) ("TQ Delta also argues it has been irreparably prejudiced because Dr. Wesel has used some of these new references [i.e., 78 references from the § 282(c) notice] to supply missing elements in his obviousness combinations. TQ Delta has identified over 100 paragraphs [of Dr. Wesel's invalidity report] that it would like me to strike. While some paragraphs appear to use an undisclosed reference to support claim elements, others appear to use these references to establish the background knowledge of a person of ordinary skill in the art. It is unclear based upon the briefing the extent to which the cited paragraphs merely cite the undisclosed references for background or to support the existence of a specific claim element in the prior art. ADTRAN has represented that it is only relying upon its identified obviousness combinations to prove all elements of the asserted claim obvious. I do not believe that ADTRAN's § 282 Notice indicates any differently. The Notice states that it lists 'the patents and publications that ADTRAN may rely upon to render obvious *or show the state of the art*' with respect to the asserted patents. ADTRAN will be held to its representation." (cleaned up)); *see also ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 495 (D. Del. 2010) ("Rymed listed these new references in its 282 Notice only 'so that [ICU] could not complain about a lack of notice of these patents for other purposes, . . . including but not limited to prosecution history estoppel.' ICU's motion [to strike defendant's

§ 282(c) notice] is DENIED. Rymed will not be permitted to use the newly-disclosed twelve prior art references as a basis for invalidating the patent."); *PSN Ill., LLC v. Abbott Lab'ys*, No. 09-C 5879, 2012 WL 5381278, at *4 (N.D. Ill. Oct. 31, 2012) ("PSN argues in PSN Motion In Limine Number 5 that Abbott's Notice of Prior Art under 35 U.S.C. § 282 . . . should be excluded at trial because it is in violation of Local Patent Rule 3.4. . . . However, Abbott contends that . . . the references will be used for the limited purpose of showing the 'state of the art' as required by 35 U.S.C. § 282(c). . . . Abbott's late disclosure of these references is not unfairly prejudicial to PSN given their limited purpose at trial. Therefore, PSN Motion in Limine Number 5 is denied." (citation omitted)).

*Second*, the Notice does not fail to "comply with the Court's directive and the parties' stipulation" to "narrow the issues in this case." *See* D.I. 271 at 2. As described above, the parties stipulated "that the elections to limit the total number of prior art references do not apply to or limit (i) *prior art references used to illustrate the state of the art*, (ii) the knowledge possessed by a person of ordinary skill in the art, or (iii) arguments that address alleged secondary considerations of non-obviousness or for other contexts surrounding obviousness that are commonly introduced in a patent trial." D.I. 104 at 2 (emphasis added).

Amgen's Notice was consistent with the parties' stipulation and the Court does not anticipate and will not allow Amgen to use its Notice pursuant to 35 U.S.C. § 282 to circumvent the parties' stipulation limiting the number of prior art references for purposes of anticipation and obviousness to no more than six per asserted patent. In fact, Amgen itself confirms that "Amgen will only rely at trial on the references it elected as grounds for obviousness or anticipation under that stipulation." D.I. 289 at 1. If Amgen attempts to rely on any references other than those in

the Identified References as a ground for anticipation or obviousness, Lindis may object during trial.

*Third*, the Notice does not cause any confusion, let alone confusion that warrants the "extreme sanction" of striking Amgen's Notice. *See Wirtgen Am., Inc.*, 2024 U.S. Dist. LEXIS 7521, at *10. Again, Amgen's Notice stated that "Amgen may rely at trial on one or more of the following patents, publications, and other prior art to show anticipation, obviousness, and/or [the] state of the art of" the Asserted Patents. D.I. 267 at 1. Since the parties stipulated that "no more than six total prior art references per asserted patent [] can be used as grounds for anticipation . . . or . . . obviousness" (D.I. 104 at 2), the Court will give Amgen the benefit of the doubt that it is disclosing, consistent with its statutory obligations, prior art that it may rely on for contentions other than anticipation or obviousness.

Lindis contends that Amgen "ignored Lindis' request for further information." (D.I. 271 at 2). However, Amgen did explain that it may rely on these references "for any purpose consistent with the stipulation and §282(c)." D.I. 271-3 at 2. Amgen further explained:

> Our November 5, 2024 letter identified the elected references on which Amgen may rely as grounds for obviousness or anticipation. That election has not changed. As you know, however, the stipulation excludes from that election references that may be relied upon for other reasons, including to show the state of the art and the knowledge of a POSA. The language of 35 U.S.C. §282(c) also expressly permits the recitation of references to reflect the state of the art.

D.I. 271-3 at 4.

Thus, at this time and in light particularly of Amgen's representation that "Amgen will only rely at trial on the references it elected as grounds for obviousness or anticipation under that stipulation," the Court is not convinced that Amgen is trying to renege on its prior stipulation concerning the number of prior art references with respect to anticipation and/or obviousness by identifying more references through the Notice pursuant to 35 U.S.C. § 282.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Strike.

\* \* \*

WHEREFORE, at Wilmington this 26th day of November 2024, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Disclosures and Untimely Exhibits (D.I. 271) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE