## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINDIS BIOTECH, GMBH | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-35-GBW |
| | ) | |
| v. | ) | |
| | ) | |
| AMGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY JURY INSTRUCTIONS

**Table of Contents**

**Page**

1. INTRODUCTION AND ROLE OF THE JURY ................................................................. 1

2. THE PARTIES ................................................................................................................ 2

3. PATENT VIDEO ............................................................................................................. 3

4. ROLE OF PATENT CLAIMS ........................................................................................ 4

5. OVERVIEW OF THE CASE .......................................................................................... 5

6. SUMMARY OF THE PATENT ISSUES ....................................................................... 7

7. DUTIES OF THE JURY ................................................................................................. 8

8. EVIDENCE ..................................................................................................................... 9

9. DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................................... 11

10. USE OF INTERROGATORIES ................................................................................... 12

11. CREDIBILITY OF WITNESSES ................................................................................ 13

12. DEPOSITION TESTIMONY ....................................................................................... 14

13. EXPERT TESTIMONY ................................................................................................ 15

14. BURDEN OF PROOF .................................................................................................. 16

15. CONDUCT OF THE JURY .......................................................................................... 17

16. SIDEBARS .................................................................................................................... 19

17. NOTE-TAKING ............................................................................................................ 20

18. COURSE OF THE TRIAL ............................................................................................ 22

19. TRIAL SCHEDULE ..................................................................................................... 23

1.      **INTRODUCTION AND ROLE OF THE JURY**

Members of the jury: Now that you have been sworn in, I will give you some preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear.  I will give you more detailed instructions on the law at the end of the trial.

Also, because this is a patent trial which will deal with subject matter that is not within the everyday experience of most of us, I will also give you some preliminary instructions regarding patents, and you will see a brief informational video.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.  You and only you will be the judges of the facts.  I play no part in judging the facts.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.  You must follow that law whether you agree with it or not. It is important that you perform your duties fairly.  Do not let any bias, sympathy, or prejudice influence your decision in any way.  Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

2.    **THE PARTIES**

This is a patent case.  The plaintiff in this case is Lindis Biotech, GmbH.

The parties and I may refer to Lindis Biotech, GmbH as "Plaintiff," or "Lindis."  The defendant

in this case is Amgen Inc.  The parties and I may refer to Amgen Inc. as "Defendant" or

"Amgen."

**3.     PATENT VIDEO**

As I just mentioned, this case is about patents, which is an area unfamiliar to many people.

To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center.  Neither of the parties in this case had a role in the video.  The video will run for approximately 17 minutes.  At the conclusion of the video, I will provide you with additional instructions. During this video, reference will be made to a sample patent, a copy of which has been provided to you in your juror notebook.

***PATENT VIDEO PLAYED***

4.      **ROLE OF PATENT CLAIMS**

The claims of a patent are what define the patent owners' rights under the law; that is, the claims define what the patent owners may exclude others from doing during the term of that patent. The claims of a patent serve two purposes. First, they set the boundaries of the patented invention − what the patent covers. Second, they provide notice to the public of what those boundaries are.

While the claims define the invention, sometimes the words or phrases of the claims need to be further defined or interpreted. This has been done already by me in this case, and a copy of those definitions, also called claim construction, is included in your juror notebooks. You must accept the definition of these words or phrases in the claims as correct. For any words or phrases in the claim for which you have not been provided with a definition, you should apply their common meaning.

You should not take the definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide.

5.      **OVERVIEW OF THE CASE**

This case involves United States Patent Nos. 8,709,421 and 10,071,158. Patents are usually referred to by their last three digits. You may hear the lawyers and witnesses in the case refer to these patents as the '421 Patent and the '158 Patent, and collectively as the Asserted Patents. A copy of the '421 and '158 patents are in your juror notebooks.

The Asserted Patents are owned by plaintiff Lindis. In this case, Lindis alleges that Amgen instructs, recommends, or otherwise encourages others to infringe the patented methods of claims 3, 8, and 15 of the '421 Patent and claims 1, 12, and 20 of the '158 Patent. These claims may be referred to collectively as the "Asserted Claims." Specifically, Lindis alleges that healthcare providers prescribe and administer Amgen's immunotherapy drug named Blincyto according to Amgen's FDA-approved prescribing information or "label" in a way that directly infringes the Asserted Claims. Lindis also alleges that Amgen actively induces this infringement.

Amgen denies Lindis's infringement allegations as to all Asserted Claims. Amgen also alleges that the Asserted Claims are invalid because the Asserted Patents do not sufficiently describe or enable the claimed methods. Amgen also alleges that the Asserted Claims are invalid because the Asserted Patents do not provide reasonable certainty to those skilled in the art about the scope of the claimed methods. Amgen further alleges that each of the Asserted Claims is invalid because the claimed methods were not new when compared to a prior art reference. Amgen also alleges that the Asserted Claims are invalid because they would have been obvious when compared to all that was known to a person of ordinary skill in the field at the time.

53447844.1

You will decide whether or not any of the Asserted Claims of the Asserted Patents have been proven infringed and whether or not any of those claims have been proven invalid.  If you decide that any Asserted Claim is infringed and is not invalid, you will decide the issues of damages and willfulness.

6

6.      **SUMMARY OF THE PATENT ISSUES**

You must decide this case according to the instructions I will give you at the end of the trial.  Those instructions will repeat this summary and will provide more detail.

In this case, you must decide whether Lindis has proven by a preponderance of the evidence that healthcare providers who prescribe and administer Blincyto directly infringe any of the Asserted Claims and that Amgen has actively induced that direct infringement.

You must also decide whether Amgen has proven by clear and convincing evidence that one or more of the Asserted Claims are invalid.

If you decide that Lindis has proven that Amgen actively induced healthcare providers to infringe a valid claim of either the '421 or the '158 patent, you will have to decide what amount of money damages Lindis has proven by a preponderance of the evidence, and whether Amgen's actively induced infringement was willful.

7.      **DUTIES OF THE JURY**

Let me now turn to the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find what the facts are from the evidence as presented at the trial. You and you alone will be the judges of the facts. I will instruct you regarding the law, and at the close of the evidence, you will have to apply the facts to the law. You must follow that law whether you agree with it or not.

In addition to instructing you about the law, at the close of evidence, I will provide you with instructions as to what the claims of the patents mean. You also have a copy of my rulings regarding the meaning of the claims in your juror notebooks. Again, of course, you are bound by your oath as jurors to follow these and all instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

You are the judges of the facts. I will decide which rules of law apply to this case. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Also, do not let anything I say or do during the course of the trial influence you. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

8.    **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses both live and recorded, and the documents and other things admitted into evidence. The evidence may also include certain facts agreed to by the parties or that I may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections by lawyers are not evidence. There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection and find the matter is not admissible, you should ignore the question or document. If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any other evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during the trial, I will try to clarify this for you at that time. Also, I may order that certain testimony or other evidence is struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that I strike or exclude. Do not speculate about what a witness might have said or what an exhibit might have shown.

3.    Testimony that the Court has excluded or told you to disregard is not evidence.

4.      During trial you will be shown certain graphics, animations, slides, models, reproductions, charts, summaries, and the like by the attorneys or witnesses in order to help explain or illustrate the facts disclosed by testimony or other documentary evidence admitted in the case. These illustrative exhibits, called "demonstrative exhibits," should not be considered evidence unless they are admitted into evidence by me during the course of trial.  You are free to disregard these demonstrative exhibits if you determine that they do not reflect the facts as you find them from the evidence.

5.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded.

You are to decide this case solely on the evidence presented here in the Courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of this court influence your decision in any way.  You should consider all of the evidence, no matter what form it takes, and no matter which party introduces it.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**9.**     **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, like the testimony of a witness about what that witness personally saw or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is proof of one or more facts from which you may infer or conclude that other facts exist.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.  In judging the facts, it will be up to you to decide how much weight to give any evidence, whether it be direct or circumstantial.

## 10.    USE OF INTERROGATORIES

Evidence may be presented to you in the form of answers by one or both of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## 11.    CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility.  That is, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you cannot do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

The weight of the evidence to prove a fact does not depend on the number of witnesses who testify.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.

This instruction applies to the testimony of all witnesses, including expert witnesses.

53447844.1

## 12.    DEPOSITION TESTIMONY

You may hear witnesses testify through deposition testimony.  A deposition is testimony of a witness taken under oath before trial.  A court reporter is present and records the questions and answers.  You should judge deposition testimony, insofar as possible, in the same way as if the witness had been present to testify at trial.

53447844.1

**13.     EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  As with any other witness, it is up to you to judge the credentials and credibility of the expert witness and decide whether to rely upon his or her testimony.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are free to accept or reject the testimony of an expert witness, in whole or in part, just as you are free to accept or reject the testimony of any other witness.

53447844.1

14.    **BURDEN OF PROOF**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used, depending on the issue being decided. The first is called "preponderance of the evidence," and the second is called "clear and convincing evidence."

Lindis has the burden of proving patent infringement and damages by a preponderance of the evidence. That means that Lindis must produce evidence that, when considered in light of all the facts, leads you to believe that it is more likely than not true that healthcare providers who prescribe and administer Blincyto to patients directly infringe the Asserted Claims, that Amgen actively induced those healthcare providers to directly infringe the Asserted Claims, and that Lindis is entitled to damages. To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting Lindis's claims must make the scales tip somewhat toward its side.

In addition to denying Lindis's claims, Amgen contends that the Asserted Claims are invalid. Amgen has the burden of proving invalidity of the Asserted Claims by clear and convincing evidence. Clear and convincing evidence means that it is highly probable that a fact is true. Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

## 15.    CONDUCT OF THE JURY

Now a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

Also, you must not communicate with anyone about this case on your cell phone or smartphone, through e-mail, your tablet, computer or other electronic device, whether it be through text messaging, on social media, through any blog or website, through any internet chat room, or by way of any other social networking website, including but not limited to Facebook, X (formerly known as Twitter), Instagram, TikTok, WeChat, WhatsApp, Snapchat, LinkedIn, and YouTube. This includes your family and friends.

When any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that has not been admitted into evidence. By that I mean, if there is a newspaper or internet article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own about the case, the matters in the case, or the individuals or entities involved in the case. You are to decide the case based only upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other

electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

## 16.    SIDEBARS

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar.  If that happens, please be patient. We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.  We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a sidebar.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.  You should not form any opinion or assumption over the use or length of sidebars, and the sidebar conferences should not impact your decision in any way.

17.    **NOTE-TAKING**

During the trial, you may take notes if you wish.  The parties have provided you with notebooks for this purpose.  Your notebooks include the following materials provided by the parties to help you during the trial:

- A copy of the Asserted Patents

- A glossary of patent terms you may hear during the trial

- The Court's claim constructions, which is the meaning and scope of certain words as those words are used in the claims of the Asserted Patents, as I have interpreted them

- Additional paper for note-taking

- A copy of the sample patent discussed in the video we watched earlier.

Please remember that everything you write in the notebook will be confidential, and no one will have access to it.  When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there.  You must leave your notebooks in the jury room at the end of each day.  They will then be returned to you the following day.  And at the end of the case, your notebooks will be shredded.

A word of caution is in order.  There is generally a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory, and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence,

and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  And your notes are not to be given or read to anyone else.

In addition, please make sure that note-taking does not distract you from your tasks as jurors.  You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.  If you do take notes, you must leave them in the jury deliberation room which is secured at the end of each day. And, remember that they are only for your own personal use.

During the trial, documents or other physical items may be received into evidence.  You will be given a hardcopy of every admitted exhibit to take to the jury room to use during deliberations.  You will not, however, be supplied with a list of exhibits that are received in evidence.  Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.

At the end of the trial, you must make your decision based on what you recall of the evidence.  You will not have a transcript of the testimony to review.  So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

18.    **COURSE OF THE TRIAL**

The parties' presentations will now begin.  Each party will make an opening statement: first Lindis, then Amgen.  Opening statements are not evidence; their only purpose is to help you understand what each party expects the evidence to show.

Next, the parties will present their evidence.  Lindis will first introduce its witnesses and evidence that it believes supports its assertions.  When Lindis is finished, Amgen will have the opportunity to offer evidence in support of its assertions and its defenses.  Finally, Lindis may offer rebuttal witnesses to Amgen's assertions and defenses.

After all of the evidence is in, the lawyers will give their closing arguments.  The closing arguments are not evidence.  Their only purpose is to summarize the evidence and provide the  parties' interpretation of the evidence to you.  I will then give you detailed instructions on the law that applies to the case and describe for you the matters you must decide. You will then retire to the jury room to deliberate and determine the outcome of the case.

19.    **TRIAL SCHEDULE**

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take seven days to try, between now and December 17, which is one week from tomorrow.

We will normally begin the day at 9:30 a.m. promptly.  We will go until around 1:00 p.m., when there will be about a 45-minute break for lunch, before continuing until around 5:30 p.m. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule.   It is possible there will be some interruptions as I attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

Finally, please understand that this is a timed trial.  That means I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to assure you that we expect to be completed with this case by next Tuesday.  Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.